U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 1 3 2016
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| HTA MEDICAL PORTFOLIO 2, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:13-cv-136-O |
| | § | |
| DANNY BARTEL, M.D., et. al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## REPORT AND RECOMMENDATION ON MOTION FOR CHARGING ORDER

Before the Court is Plaintiff's Motion for Charging Order in Aid of Enforcement of Judgment (ECF No. 119), filed on August 15, 2016, against Defendant Sanjoy Sundaresan, M.D. United States District Judge Reed O'Connor referred this Motion to the undersigned for report and recommendation or decision, as appropriate, by Order entered on August 15, 2016. ECF No. 120. The Defendant has not responded to the Motion, and the deadline for response has passed. ECF No. 121. As provided in *World Fuel Servs. Corp. v. Moorehead*, 229 F. Supp. 2d 584 (N.D. Tex. 2002), the following report and recommendation is subject to Judge O'Connor's *de novo review*.

### I.   BACKGROUND

On June 19, 2015, Judge O'Connor entered judgment in this cause in the amount of $1,128,678.68 against Defendant Sanjoy Sundaresan, M.D. and in favor of Plaintiff HTA Medical Portfolio 2, LLC. ECF No. 111. According to the pending Motion, the judgment remains unsatisfied. The Plaintiff apparently has determined through post-judgment discovery that the Defendant owns an interest in Stargazer Investments, Ltd. ("Stargazer"), a limited partnership. ECF No. 119-2. Plaintiff now moves for a charging order to obtain all payments and distributions

made from Stargazer to the Defendant. ECF No. 119. Additionally the Plaintiff requests that the Court order Stargazer to provide HTA with periodic accounting until the judgment is satisfied. *Id.*

## II.   LEGAL STANDARD AND ANALYSIS

"A federal court may enforce a money judgment 'in accordance with the practice and procedure of the state in which the district court is held.'" *World Fuel Servs. Corp.*, 229 F. Supp. at 592 (citing Fed. R. Civ. P. 69(a)). Under Texas law, "[t]he entry of a charging order is the exclusive remedy by which a judgment creditor of a partner or of any other owner of a partnership interest may satisfy a judgment out of the judgment debtor's partnership interest." Tex. Bus. Orgs. Code § 153.256(d). A court having jurisdiction may charge the partnership interest of a judgment debtor to satisfy the judgment upon application by a judgment creditor. *Id.* § 153.256(a). However, the judgment creditor may only receive distributions which the judgment debtor would be entitled to in respect to his partnership interest. *Id.* § 153.256(b). A charging order does not "deprive a partner or other owner of a partnership interest of a right under exemption laws with respect to the judgment debtor's partnership interest." *Id.* § 153.256(e).

Here, the Defendant apparently owns an interest in the Stargazer partnership. The Defendant has not opposed the Plaintiff's request for entry of a charging order. Although the Plaintiff should be entitled to entry of a charging order under section 153 of the Business Organizations Code, that section does not empower a court to require the partnership to be charged to deliver reports or other documents like those requested by the Plaintiff in this case.

## III.   RECOMMENDATION

After considering Plaintiff's Motion for Charging Order in Aid of Enforcement of Judgment (ECF No. 119) and applicable law, the Court RECOMMENDS that Judge O'Connor GRANT Plaintiff's Motion for Charging Order in Aid of Enforcement of Judgment, with the

exception of Plaintiff's request that the Court order Stargazer to provide periodic reports to the Plaintiff, and enter an order in the form attached to this Report and Recommendation as Exhibit 1.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SIGNED on September 13, 2016.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE